**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 13-01814-VAP (DTBx)                              Date:  October 23, 2013

Title:   MARTINGALE INVESTMENTS, LLC -v- BRUCE BECK AND DOES 1 TO 10
==============================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

   Marva Dillard                                                                   None Present
   Courtroom Deputy                                                          Court Reporter

ATTORNEYS PRESENT FOR                                 ATTORNEYS PRESENT FOR
PLAINTIFFS:                                                              DEFENDANTS:

   None                                                                                  None

PROCEEDINGS:      MINUTE ORDER REMANDING CASE TO CALIFORNIA SUPERIOR COURT, SAN BERNARDINO COUNTY(IN CHAMBERS)

     On August 13, 2013, Martingale Investments, LLC, ("Plaintiff") filed a "Complaint for Unlawful Detainer" against Defendant Bruce Beck ("Defendant").  (Ex. 1 to EDCV13-1814 Not. of Removal.)  On October 4, 2013,Defendant filed a Notice of Removal Action.  (("Not. of Removal") EDCV13-1814.)  Defendant removes the action on the basis of diversity jurisdiction and original jurisdiction, 28 U.S.C. §§ 1331, 1343.  (Not. of Removal ¶¶ 5-6.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

MINUTES FORM 11                                                    Initials of Deputy Clerk ___md____
CIVIL -- GEN                                       Page 1

EDCV 13-01814-VAP (DTBx)
MARTINGALE INVESTMENTS, LLC v. BRUCE BECK AND DOES 1 TO 10
MINUTE ORDER of October 23, 2013

Removal jurisdiction is governed by statute. See 28 U.S.C. § 1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

First, Defendant's removal is untimely. Under 28 U.S.C. § 1446(b)(1), the notice of removal of a civil action shall be filed within 30 days after Defendant receives a copy of the Complaint upon which the removal action is based. 28 U.S.C. § 1446(b)(1). Defendant was served with the Complaint on August 13, 2013. (Not. of Removal ¶ 3.) Defendant did not file his Notice of Removal until October 4, 2013, more than 30 days after he received a copy of the Complaint. Accordingly, removal is time-barred.

Second, Defendant alleges diversity jurisdiction as a basis for removal. From the face of the Complaint, however, Defendant does not meet the diversity of citizenship or amount in controversy requirements for diversity jurisdiction. See 28 U.S.C. § 1332(a). Defendant alleges that Plaintiff is "not organized or licensed to do business in California," but does not allege Plaintiff's citizenship or that the parties are citizens of different States. (Not. of Removal ¶ 7.) Defendant also does not allege that the amount in controversy exceeds the sum or value of $75,000. Id.

Third, Defendant alleges original jurisdiction under 28 U.S.C. § 1343, Civil Rights and Elective Franchise, as a second basis for removal. Section 1343 gives federal district courts original jurisdiction over civil actions to: recover damages under 42 U.S.C. § 1985; redress the deprivation by the State of any right, privilege or immunity secured by the Constitution; and to recover damages or equitable relief

EDCV 13-01814-VAP (DTBx)  
MARTINGALE INVESTMENTS, LLC v. BRUCE BECK AND DOES 1 TO 10  
MINUTE ORDER of October 23, 2013

under any Act of Congress providing for the protection of civil rights. 28 U.S.C. § 1343(a). From the face of the Complaint, Plaintiff's only claim is for unlawful detainer. Unlawful detainer does not serve as a basis for original jurisdiction under section 1343.

Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**